IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BARIL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RIVER CITY BANK, JOHN DOES, and ) <br> X, Y, Z CORPORATIONS; DOES 1 to ) <br> 10 inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | 2:12-cv-00360-GEB-EFB <br><br> <u>ORDER RE: SETTLEMENT AND</u> <u>DISPOSITION</u> |

        Plaintiff filed a "Notice of Settlement" on May 7, 2012, in which he states, "Plaintiff has settled his case with Defendant[; t]he parties are in the process of finalizing settlement, and Plaintiff anticipates the settlement will be finalized in 40 days." (ECF No. 7.)

        Therefore, a dispositional document shall be filed no later than June 18, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. <u>See</u> E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

        Further, the Status Conference scheduled for hearing on May 21, 2012, is continued to July 23, 2012, commencing at 9:00 a.m., in the event no dispositional document is filed, or if this action is not

otherwise dismissed.[1]  A joint status report shall be filed fourteen (14) days prior to the Status Conference.

   IT IS SO ORDERED.

Dated:  May 9, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2